

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00669-CR

Albert Francis **TOSCANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-2341
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:    Lori Massey Brissette, Justice
            Adrian A. Spears II, Justice
            H. Todd McCray, Justice

Delivered and Filed: December 3, 2025

DISMISSED FOR LACK OF JURISDICTION

Appellant Albert Francis Toscano seeks to appeal his judgment of conviction for the offense of second-degree possession of a controlled substance. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The judgment shows appellant was sentenced to four years with the Texas Department of Criminal Justice Institutional Division on September 10, 2025. Because Toscano did not file a motion for new trial, his notice of appeal was due by October 10, 2025 or a notice

and motion for extension of time was due fifteen days later. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Toscano did not file his notice of appeal until October 16, 2025, and he did not file a motion for extension of time. *See id.* R. 26.3. "Under the prisoner mailbox rule, the pleadings of pro se inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk." *Anderson v. State*, 625 S.W.3d 128, 131 (Tex. Crim. App. 2021). However, the Court of Criminal Appeals "has held that the prisoner mailbox rule is still subject to the requirements of Rule 9.2(b)." *Id.*; *see* TEX. R. APP. 9.2(b). "Rule 9.2(b) has three requirements: (i) the notice was sent to the proper clerk by United States Postal Service or a commercial delivery service; (ii) the notice was placed in an envelope or wrapper properly addressed and stamped; and (iii) the notice was deposited in the mail or delivered to a commercial delivery service on or before the last day for filing." *Anderson*, 625 S.W.3d at 131. Here, the record shows Toscano complied with all but the third requirement of Rule 9.2(b): appellant's notice of appeal was not deposited in the mail until October 14, 2025—four days late.

The record also shows Toscano entered into a plea bargain with the State pursuant to which he pled nolo contendere to the offense of second-degree possession of a controlled substance. "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. 25.2(a)(2). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant, and appellant did not file any motions ruled on before trial. *See id.* Nor is the appeal specifically authorized by statute. *See id.*

Furthermore, the record includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). The record appears to support the trial court's certification that Toscano does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Having reviewed the record, it appeared (1) the notice of appeal was untimely filed and (2) Toscano did not have the right to appeal. We therefore ordered Toscano to show cause by November 21, 2025 establishing: (1) the notice of appeal was timely filed and (2) an amended certification showing he has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing writ of habeas corpus pursuant to article 11.07 the Texas Code of Criminal Procedure).

We admonished Toscano that if he failed to satisfactorily respond to this order within the time provided, his appeal would be dismissed. Toscano has not filed a response.

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH